IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ARTHUR M. PACHECO,                                                                    PLAINTIFF

V.                                                                       NO. 2:05CV30-MPM-EMB

DR. TODD FINTCHER, H.S.A. TERRI JENNINGS,
SHARI KIMOTO & CORRECTIONS CORPORATION
OF AMERICA,                                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

On April 6, 2005, the *pro se* plaintiff, Arthur M. Pacheco, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Plaintiff is currently a prisoner of the State of Hawaii confined at the Tallahatchie County Correctional Facility ("TCCF"). His Complaint alleges that in April 2004, while confined in Florence, Arizona he was seen at the dental unit for upper and lower dentures. Thereafter, he received approval from Hawaii Public Safety to use his prison account to purchase the dentures. On April 12, 2004, CCA Florence, Arizona deducted $240.00 from his inmate account. On May 17, 2004, Hawaii Department of Public Safety transferred plaintiff to CCA Mississippi. Plaintiff claims that since this time, he has written numerous medical requests for bleeding gums and pain, but he has yet to receive the dentures he paid for. Plaintiff states he wants the dentures he paid for, and he wants to be compensated for his pain and suffering.

At the *Spears* hearing, plaintiff testified that two days after he arrived at TCCF, his gums got infected. He said he received antibiotics eight months later. He further testified that he actually received a set of dentures Dr. Fintcher ordered for him, but they do not fit properly. He complained that he has to use a large amount of adhesive in order to get them to stay in place. He testified that

Dr. Fintcher has ordered new dentures for him, but he has yet to receive them. He further testified he sued Dr. Fintcher because he is responsible for his dental care.

Plaintiff's medical records, provided by TCCF pursuant to this Court's Order dated February 14, 2005, indicate he had an initial dental evaluation at TCCF on June 8, 2004. It was further indicated that his gums were inflamed and that his masticating efficiency was poor. Prison officials referred him to a dentist on November 12, 2004, in response to a November 8, 2004 Sick Call Request. He was seen for a dental examination on September 4, 2004, and on December 9, 2004. Dentures for plaintiff were shipped to TCCF on February 7, 2005.

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle*, 429 U.S. at 105; nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference, *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim."). Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995).

As an initial matter, Corrections Corporation of America is not a proper defendant to a § 1983 Complaint and should, therefore, be dismissed. Defendants Terri Jennings and Shari Kimoto should also be dismissed because plaintiff has failed to allege any wrongdoing on their parts. In order to state a claim for monetary damages under § 1983, the plaintiff must allege some specific, personal wrongdoing on the part of the individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

The Court now turns to plaintiff's claim against Dr. Fintcher. The Complaint fails to allege that Dr. Fintcher refused to provide medical treatment to plaintiff or unnecessarily delayed any treatment. Indeed, plaintiff testified Dr. Fintcher ordered new dentures to replace the ones that do not fit properly. As such, plaintiff has failed to allege that Dr. Fintcher was deliberately indifferent to a serious medical need. Furthermore, plaintiff's medical records indicate he was referred to a dentist in response to his sick call requests. And, his only complaint regarding his current dentures are that they require a large amount of adhesive to stay in place. He makes no claim that they cause him pain or that he is unable to eat with them. Based on this, it is recommended that the entire Complaint be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415

(5th Cir. 1996).

Respectfully submitted, this the 15th day of April, 2005.

                                                    **/s/   Eugene M. Bogen**
                                                    **UNITED STATES MAGISTRATE JUDGE**